NADEL v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8068.   Decided Nov. 7, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

602.   HARBORING FELONS.—One who knows that felony has been committed and lends aid to keep felon secreted by loaning him money or acting as go-between, is harboring felon within meaning of statute.

629.   INDICTMENT.—1277.   Words and Pharses.—Use of wrong word, in indictment not error unless such word would be misleading.

Error to Common Pleas.
Judgment affirmed.

George W. Spooner, Cleveland, for Nadel.
E. C. Stanton, Cleveland, for State.

FULL TEXT.

VICKERY, J.

This action comes into this court on a petition in error to the Common Pleas Court of Cuyahoga County.

In the court below plaintiff in error Nadel was convicted under an indictment charging him with harboring a felon. A plea of not guilty was entered to this indictment. A jury was impaneled and sworn and he was convicted and a sentence was imposed upon him according to law. It is to reverse that judgment of conviction that error is prosecuted here.

We have gone over this record and heard the arguments of counsel and are contiained to come to the conclusion that there is no error in this record that will warrant us in disturbing the verdict. We think the indictment substantially charged an offense under the statute and the criticism with respect to one word in the indictment is not well taken, because if the word had been left as written it could not have been misleading, but at some time, and there is nothing to show it was not before the indictment was returned by the grand jury, the indictment had been corrected, and it was the right word under the statute as used in the indictment.

It is argued that there is nothing in this record to show that the defendant harbored a felon. We cannot put the same construction upon the word "harbor" that learned counsel does. If a felony had been committed and Nadel knew of that felony and he lended aid to keep him secreted by loaning him money or acting as a go-between, we think he was harboring a felon within the meaning of the statute.

We do not think the sustaining of an objection to a certain inquiry was erroneous, nor are there any errors, as already stated, to warrant us in reversing this judgment of conviction and the same will, therefore, be affirmed.

(Sullivan, PJ., and Levine, J., concur in judgment.)